

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-26-00232-CV

_____

GARY TAYLOR, Appellant

V.

SEAHARBOR INSURANCE AND MARIAM ABDALLA, Appellees

On Appeal from County Court at Law No. 1
Tarrant County, Texas
Trial Court No. 2025-010054-1

Before Birdwell, Bassel, and Womack, JJ.
Per Curiam Memorandum Opinion

# MEMORANDUM OPINION

Appellant Gary Taylor, proceeding pro se, attempts to appeal the trial court's order granting Appellee SeaHarbor Insurance's Rule 91a motion to dismiss and dismissing Taylor's claims against SeaHarbor. Because it is not a final judgment or an appealable interlocutory order, we dismiss this appeal for want of jurisdiction.

We have jurisdiction to consider appeals only from final judgments and from certain interlocutory orders made immediately appealable by statute. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *see also* Tex. Civ. Prac. & Rem. Code § 51.014(a). A final judgment is one that disposes of every pending claim and party or that "clearly and unequivocally states that it finally disposes of all claims and all parties." *See Lehmann*, 39 S.W.3d at 205. Unless a statutory exception applies, an order that does not dispose of all pending parties and claims remains interlocutory and unappealable until the trial court signs a final judgment. *See id.* An order granting a Rule 91a motion to dismiss has not been designated as an appealable interlocutory order. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a).

Taylor sued SeaHarbor and another defendant, Mariam Abdalla. The order from which Taylor attempts to appeal does not address Taylor's claims against Abdalla, and the trial court clerk has confirmed that Abdalla has not been disposed of but remains a pending party. After we received Taylor's notice of appeal, we notified him of our concern that we may not have jurisdiction over his appeal because the order from which he attempts to appeal does not appear to be a final judgment or an

2

appealable interlocutory order. We warned him that unless he filed a response by May 4, 2026, showing grounds for continuing the appeal, it could be dismissed for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 44.3. Taylor did not file a response.

Because the order from which Taylor attempts to appeal is neither a final judgment nor an appealable interlocutory order, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f); *Gaff v. PHH Mortg. Corp.*, No. 02-24-00486-CV, 2025 WL 1478175, at *3 (Tex. App.—Fort Worth May 22, 2025, no pet.) (dismissing for want of jurisdiction appeal from order that granted Rule 91a motion to dismiss but did not dismiss all parties).

Per Curiam

Delivered: May 28, 2026